RICHARD DiBONAVENTURA, SR., ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF THOMPSON (9131)

DALY, LANDAU and CRETELLA, Js.

Argued December 6, 1990—decision released April 2, 1991

*Michael A. Zizka,* for the appellants (plaintiffs).

*John Boland,* for the appellee (defendant).

CRETELLA, J. The plaintiffs, Richard DiBonaventura, Sr., and his son, Richard DiBonaventura, Jr., appeal from the judgment of the trial court dismissing their appeal from a decision of the defendant zoning board of appeals of the town of Thompson. The plaintiffs claim that the trial court improperly found that neither plaintiff was aggrieved and therefore neither had standing to prosecute the appeal. We reverse the trial court's dismissal of the appeal.

General Statutes § 14-54 requires that "[a]ny person who desires to obtain a license for dealing in or repairing motor vehicles shall first obtain and present to the commissioner [of motor vehicles] a certificate of approval of the location for which such license is desired from . . . the [zoning] board of appeals."

An application for a certificate of approval of location of a used car dealer and general repairer pursuant to General Statutes §§ 14-54 and 14-55 was filed with the defendant. On the form used,[1] the applicant's name is listed as Richard DiBonaventura, Jr., and the property owners' names are listed as Richard F. and Patricia A. DiBonaventura. Richard F. and Patricia A.

---

[1] It is assumed that the form used by the plaintiffs was provided by the defendant board or meets the board's requirements for such application.

DiBonaventura signed the form indicating their consent to the proposed use of their property; Richard DiBonaventura, Jr., signed the form as the applicant.

The administrative record reveals that the board held a public hearing on the application, as required by General Statutes § 14-55,[2] on November 14, 1988, continued to December 12, 1988. At the November 14, 1988 hearing, both plaintiffs appeared and were introduced by their counsel to the board as follows: "Those are the applicants, and as I'll mention later, Richard, Jr., is the proposed principal operator of the used car facility." Statements made at the hearing revealed that

---

[2] "[General Statutes] Sec. 14-55. HEARING. In any town, city or borough the local authorities referred to in section 14-54 shall, upon receipt of an application for a certificate of approval referred to in said section, assign the same for hearing within sixty-five days of the receipt of such application. Notice of the time and place of such hearing shall be published in a newspaper having a general circulation in such town, city or borough at least twice, at intervals of not less than two days, the first not more than fifteen, nor less than ten days, and the last not less than two days before the date of such hearing and sent by certified mail to the applicant not less than fifteen days before the date of such hearing. All decisions on such certificate of approval shall be rendered within sixty-five days of such hearing. The applicant may consent to one or more extensions of any period specified in this section, provided the total extension of any such period shall not be for longer than the original period as specified in this section. The reasons for granting or denying such application shall be stated by the board or official. Notice of the decision shall be published in a newspaper having a general circulation in such town, city or borough and sent by certified mail to the applicant within fifteen days after such decision has been rendered. Such applicant shall pay a fee of ten dollars, together with the costs of publication and expenses of such hearing, to the treasurer of such town, city or borough. No such certificate shall be issued until the application has been approved and such location has been found suitable for the business intended, with due consideration to its location in reference to schools, churches, theaters, traffic conditions, width of highway and effect on public travel. In any case in which such approval has been previously granted for any location, the local authority may, in its discretion, waive the requirement of a hearing on a subsequent application. In addition, the local authority may, in its discretion, waive the requirement of a hearing on an application wherein the previously approved location of a place of business is to be enlarged to include adjoining or adjacent property."

for more than thirty years prior to the DiBonaventura's purchase of the property, that property had been the site of a combined motor vehicle junkyard, used car dealer facility and repair business. Further statements indicated that the DiBonaventuras intended to continue that use with the father providing the land for the used car dealership and car repair business and the son operating and managing the business.

On December 12, 1988, after a consideration on the merits, the board voted to deny the application on the ground that the basic character of the neighborhood had changed since the original license to operate the business had been issued. The plaintiffs appealed that decision to the trial court pursuant to General Statutes § 14-57.[3]

Paragraph four of plaintiffs' appeal, which the board admitted in its answer, states that "[o]n or about November 1, 1988, plaintiffs, Richard DiBonaventura, Sr., and Richard DiBonaventura, Jr., submitted to the Thompson Zoning Board of Appeals an application pursuant to §§ 14-54 and 14-55 of the General Statutes for approval of a used car dealer and general repairer facility." To paragraph nine of the appeal, which alleges that the plaintiffs are aggrieved "because they are the owners of the land for which a certificate of approval of location has been denied, and because such action denies them the right to continue the use of the existing business and severely depreciates the fair market value of their land," the board answered with a general denial.

[3] General Statutes § 14-57 provides in relevant part: "APPEAL. Any person aggrieved by the performance of any act provided for in this subdivision (D) by such local authority or by the commissioner may take an appeal therefrom to the superior court for the judicial district within which such town or city is situated, or in accordance with the provisions of section 4-183 . . . ."

In its memorandum of decision, the trial court accepted the parties' stipulation that Richard DiBonaventura, Sr., is one of the owners of the property. The court also found that the application was submitted by Richard DiBonaventura, Jr.

The court concluded that while both plaintiffs had alleged aggrievement, neither plaintiff had proved that he was aggrieved. Relying on its finding that Richard DiBonaventura, Sr., was not an applicant for the certificate of approval, the court found that notwithstanding any specific, personal and legal interest he might have in the subject matter of the decision as one of the owners of the subject property, Richard, Sr., had failed to establish that his interest had been injuriously affected by the decision. Although finding Richard DiBonaventura, Jr., the sole applicant for the certificate of approval, the trial court found that he had failed to prove a legally enforceable interest in the subject matter of the decision.

" 'Pleading and proof of aggrievement [are] prerequisite[s] to a trial court's jurisdiction over the subject matter of an appeal.' " *Lewin* v. *United States Surgical Corporation,* 21 Conn. App. 629, 631, 575 A.2d 262, 264 (1990). The question of aggrievement is essentially one of standing. *Beckish* v. *Manafort,* 175 Conn. 415, 419, 399 A.2d 1274 (1978). Without pleading and proving aggrievement, the plaintiffs lack standing to challenge the board's decision. See id.

" 'Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and

vigorously represented.' " *Board of Pardons* v. *Freedom of Information Commission,* 210 Conn. 646, 648–49, 556 A.2d 1020 (1989).

"The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, 'the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision.' " *Mystic Marinelife Aquarium, Inc.* v. *Gill,* 175 Conn. 483, 493, 400 A.2d 726 (1978), quoting *Nader* v. *Altermatt,* 166 Conn. 43, 51, 347 A.2d 89 (1974). " ' "The scope of review of a trial court's factual decision on appeal is limited to a determination of whether it is clearly erroneous in view of the evidence and pleadings." ' *Feigenbaum* v. *Waterbury,* 20 Conn. App. 148, 151, 565 A.2d 5 (1989), quoting *Belle Camperland, Inc.* v. *Commission,* 5 Conn. App. 678, 679, 501 A.2d 1226 (1985)." *Downey* v. *Retirement Board,* 22 Conn. App. 172, 177, 576 A.2d 582, cert. denied, 216 Conn. 812, 580 A.2d 65 (1990). " 'Conclusions are not erroneous unless they violate law, logic or reason or are inconsistent with the subordinate facts.' " *Mystic Marinelife Aquarium, Inc.* v. *Gill,* supra, 496.

The plaintiffs rely on *Bossert Corporation* v. *Norwalk,* 157 Conn. 279, 253 A.2d 39 (1968), for their claim that the trial court incorrectly found that Richard DiBonaventura, Sr., as the owner of the subject property, was not aggrieved by the board's decision merely because he had not signed the application. The trial court attempted to distinguish *Bossert* by noting that the plaintiff in *Bossert* was both the owner of the prop-

erty involved and the applicant for approval of a proposed residential development in the city of Norwalk.

While we do not decide whether the trial court has correctly distinguished *Bossert* by noting that the plaintiff in *Bossert* was both the owner of the subject property and the applicant before the defendant commission, assuming that it was correct, we conclude that the trial court incorrectly found that Richard DiBonaventura, Sr., was not an applicant.

The procedure for obtaining a license for dealing in or repairing motor vehicles, as spelled out in General Statutes § 14-56, is a two step process. Any person who seeks a license must first secure a certificate of approval of the proposed location from the appropriate authority and then submit the certificate to the motor vehicle commissioner. Since only the person seeking a license must submit the certificate of approval to the commissioner, it is logical that that individual sign as the sole applicant when seeking site approval by the appropriate authority. It, therefore, does not necessarily follow that a person who does not sign the application for a certificate of approval could not have a specific, personal and legal interest that would be injuriously affected by a denial of such application.

As was previously mentioned, the administrative record reveals that the plaintiffs together intended to continue the prior use of the site and were introduced to the board as the applicants. Although Richard DiBonaventura, Sr., was not listed as an applicant on the form, he had, as a property owner wanting to continue a long-standing prior use of that property, the requisite specific, personal and legal interest in the proposed facility to be aggrieved by the board's denial. Moreover, the board admitted in its pleading that the plaintiffs were the applicants. We, therefore, disagree with the trial court's finding that Richard DiBonaventura, Sr., failed to prove aggrievement.

In concluding that Richard DiBonaventura, Jr., failed to prove aggrievement, the trial court relied on *Goldfeld* v. *Planning & Zoning Commission,* 3 Conn. App. 172, 486 A.2d 646 (1985), in which this court failed to find a plaintiff applicant aggrieved by the denial of a zone change. In *Goldfeld,* the plaintiff had no interest by way of purchase contract, option or otherwise in the subject parcel, and we noted that the mere denial of an application does not establish aggrievement.

The trial court found there was no evidence that Richard DiBonaventura, Jr., had any legally enforceable interest in the subject property, and that he testified that he would be the owner-manager of the operation if approved. Once again, the trial court focuses on the subject property involved in the board's decision without consideration of Richard DiBonaventura, Jr.'s, ultimate goal of securing a state license to operate the proposed business. Denial of the certificate of approval by the board deprived him of his ability to seek that license, and the trial court's judgment foreclosed a judicial review of that denial. Additionally, the trial court disregarded the fact that Richard DiBonaventura, Jr., is the property owner's son and had his father's consent to use the property. Had father and son entered into a formal leasing agreement, the trial court would have found the son aggrieved for the purposes of an appeal pursuant to General Statutes § 14-57. While in a strict sense Richard DiBonaventura, Sr., may not have a legally enforceable interest in the subject property, his interest is readily distinguished from a general interest, such as is the concern of all members of the community as a whole. We conclude, given the special circumstances presented by this case—the property owner's written consent to his son's use of that property, the appearance of father and son before the board as applicants and the board's admission in its pleading that the plaintiffs were the

applicants—that the trial court's decision that neither plaintiff is aggrieved is an overly technical application of the test for aggrievement.

The judgment of the trial court is reversed and the case is remanded with direction to conduct a hearing on the merits of the plaintiffs' appeal.

In this opinion the other judges concurred.