[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Hall Meadow, Inc. is the contract vendee for an approximately 100 acre parcel of land located on Connecticut State Route 272 in the southern part of the Town of Norfolk. A small portion of the property, some nine acres extends into the Town of Goshen. That part of the property in Goshen is not the subject of this appeal of modifications to Hall Meadow, Inc.'s application for subdivision of the property in Norfolk.
By a series of three separate applications commencing in 1987, Hall Meadow, Inc. sought approval from the Planning and Zoning Commission ("PZC") for the Town of Norfolk to subdivide the 100 acres in the Town of Norfolk. The development is called "Barker's Crossing".
On May 8, 1990 an application for subdivision approval was accepted for property of Hall Meadow, Inc., Barker's Crossing III, which is the subject of this appeal. Barker's Crossing III incorporated the technical material submitted in support of the prior applications. Barker's Crossing III was in essence a resubmission of Barker's Crossing II; there were still 20 lots and two bridge crossings. However, additional technical information was submitted with Barker's Crossing III in an effort to satisfy the requirements of the PZC consulting engineer regarding both the bridge construction and qualification of the lots for septic system installation.
Thereafter a public hearing was scheduled for June 12, 1990 on Barker's Crossing III. However, because the PZC did not comply with Conn. Gen. Stat. 8-26f, that public hearing could not go forward. The PZC purported to erase its minutes of May 8, 1990, at which meeting Barker's Crossing III was accepted, and to deem the effective date of acceptance as June 12, 1990. A new public hearing date of August 14, 1990 was set by the PZC for Barker's Crossing III. Hall Meadow, Inc. was given until June 25, 1990, to submit additional technical information regarding the application, which deadline was met.
Notwithstanding the foregoing, no public hearing was held on August 14, 1990. Instead, the PZC held a meeting on July 10, 1990, at which time Barker's Crossing III was discussed by the PZC without the opportunity for Hall Meadow, Inc. as applicant, any of its technical advisers, or counsel to offer testimony concerning the application. The public was not CT Page 8799 permitted to address the application, although the PZC did receive the oral report and comments of Wade Beecher, the sanitarian for the Town of Norfolk.
At this meeting the PZC modified the plan of subdivision, approved the plan as modified, and set conditions for the commencement of construction and sales of lots. This appeal followed.
The subdivision application for Barker's Crossing III submitted to the PZC was for a 21 lot subdivision, involving two crossings of all Meadow Brook. The application, plans and engineering data submitted to the PZC are in the record as items 1, 2, 3, 5, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23, as well as the supplement to the sanitary report, the sanitarian's report, and correspondence from Hall Meadow, Inc.'s engineer. It is important to note that in the 21 lots was an existing house and attendant lot, so that a total of 29 "new" lots was involved.
Due to the lack of a public hearing, no evidence other than that contained in the record was presented by Hall Meadow, Inc. to the PZC. However the PZC during its meeting on July 10, 1990 received oral testimony from Wade Beecher, the sanitarian for the Town of Norfolk, in which Mr. Beecher expressed his personal, as opposed to expert or official, concerns about the groundwater on a number of the proposed lots. As reflected in the minutes of the PZC for July 10, 1990, the comments of Mr. Beecher were the specific basis for the approval of only 11 of the 20 proposed lots. The PZC also had before it a number of brief reports from its consulting engineer, Mr. Robert Isabelle.
Hall Meadow, Inc. is the contract-vendee of the property the subject of Barker's Crossing III. As such, it has standing as an aggrieved party to bring this action in that "there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525,530 (1987), and the cases cited therein.
The plaintiff, as holder of the contract-right to purchase the property, clearly has been affected by the decision of the PZC and therefore has standing to prosecute this appeal. Huck, supra, DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369 (1991).
Section 170-10C of the Norfolk Code provides that ". . . the Commission may hold a public hearing on the subdivision application." In this case, the PZC determined not once but twice to hold a public hearing on Barker's Crossing III, as indicated in its minutes. The date for the hearing was originally scheduled for June 12, 1991; however, that hearing was cancelled because the PZC failed to comply with Conn. Gen. Stat. 8-26f. The second date set by the Commission was August 14, 1990. Again, however, as indicated in the minutes of the meeting of July 10, 1990, the PZC took up Barker's Crossing III at that meeting and did not hold a public hearing. By so doing, Hall Meadow, Inc. was deprived of due process and a fundamentally fair proceeding. CT Page 8800
The situation that presents itself in this case is strikingly similar to that found to be unfair in Feinson v. Conservation Commission,180 Conn. 421 (1980). In Feinson, the supreme court held that a lay commission, in this case the conservation commission for the Town of Newtown, "acts without substantial evidence, and arbitrarily, when it relies on its own knowledge and experience concerning technically complex issues such as pollution control, in disregard of contrary expert testimony without affording a timely opportunity for rebuttal for its point of view." Feinson, supra at 429; Carlson v. Fisher, 18 Conn. App. 488, 503
(1989).
Hall Meadow, Inc. was denied any opportunity to hear the PZC's concerns and to allay them. On the contrary, the meeting of July 10, 1990 was conducted without allowing any participation by Hall Meadow, Inc., its attorneys, principals and, most importantly, its expert engineer, Mr. Mark Pronovost. Mr. Pronovost was the engineer who had prepared all the technical submissions to the PZC in the record. Yet, Mr. Pronovost was never able to address the PZC to answer questions, or to make any response to the reservations of Messrs. Isabelle or Beecher or the PZC members.
In essence, although the PZC clearly acknowledge that there should be a public hearing on Barker's Crossing III and scheduled such a hearing, no hearing was held. Thus, Hall Meadow, Inc. was denied due process of law in that it expected (1) to be able to make an explanatory presentation to the PZC at the hearing; (2) to be allowed an opportunity to rebut and respond to concerns of the PZC, its consultant, and the public; (3) to have an opportunity to know the facts on which the PZC was going to rely in its deliberation on Barker's Crossing III and (4) to be treated fairly. Hall Meadow, Inc. relied on expectations that a public hearing would be held and did not, therefore, submit additional written testimony in support of the application.
These requirements are essential in any proceeding before an administrative agency, and are particularly compelling in this case. This was the third application by Hall Meadow, Inc. to obtain approval of a subdivision for this same parcel of land. Both of the earlier applications had been the subject of extensive public hearings. The PZC had scheduled a hearing on Barker's Crossing III for at least two separate dates. The PZC has, over the past ten or more years, and as a matter of policy always conducted a public hearing on any subdivision application. Hall Meadow, Inc. relied upon the acts and expressed intentions of the PZC, and was denied a meaningful, fair and just process in the consideration given to Barker's Crossing III. The PZC did not conduct its own proceedings so as not to violate the "fundamental rules of natural justice", Connecticut Fund For The Environment v. City of Stamford, 192 Conn. 247 (1984).
Accordingly, Hall Meadow, Inc. was denied due process of law by the procedure adopted by the PZC, and therefore the appeal is sustained and the matter is returned to the PZC with direction to conduct a public hearing CT Page 8801 on the application in accordance with law.
PICKETT, J.