[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Toby de Elye Cole, Sally de Elye Cole, Lois Redington, Ilyana Adams and Esther Kenny have appealed the action of the defendant, Cornwall Zoning Commission amending its regulations reducing the setback requirement for the operation of a sawmill in a residential district from 500 feet to 200 feet.
The plaintiffs claim to be aggrieved "because they own property within 100 feet of property upon which one-individual intends to operate a permanent, commercial sawmill and has operated a portable sawmill in the past." The plaintiffs called three witnesses, Mr. David Bain, a realtor, Toby de Elye Cole and Lois Redington. In addition a deed of the property to Mr. and Mrs. Cole was admitted in evidence. None of the other plaintiffs offered any evidence of aggrievement and therefore the appeal is CT Page 10880 dismissed as to Ilyana Adams and Esther Kenny.
On January 14, 1991 the planning and zoning commission of the Town of Cornwall, upon its own initiative, held a public hearing on several proposed amendments to the zoning regulations permitting the establishment of commercial sawmills in the R-3 and R-5 residential zones upon the acquisition of a special permit and site plan approval.
Notice of the public hearing was published in the Waterbury Republican American on January 3, 1991 and January 10, 1991. At its meeting of February 11, 1991, the Commission, by unanimous vote, adopted the proposed amendments to the zoning regulations permitting the establishment of commercial sawmills in the R-3 and R-5 residential zones upon the acquisition of a special permit and site plan approval. Notice of the decision of the Commission was published in the Waterbury Republican American on February 14, 1991 and thereafter this appeal followed.
 I
Section 8-8 (b) of the General Statutes provides in part that "any person aggrieved by any decision of a Board may take an appeal to the Superior Court for the Judicial District in which such municipality is located." Section 8-8 (a) provides in part that "(1) `Aggrieved person' means a person aggrieved by a decision of a Board . . . In the case of a decision by a . . . Planning Zoning Commission . . . `aggrieved person' includes any person owning land that abuts or is within a radius of 100 feet of any portion of the land involved in the decision of the Board."
There is no constitutional right to judicial review of the action of the planning and zoning agency. Such review exists only under statutory authority. Schwartz v. Hamden, 167 Conn. 8, 10,357 A.2d 488; Tazza v. Planning and Zoning Commission, 164 Conn. 187,191, 319 A.2d 393; East Side Civic Association v. Planning Zoning Commission, 161 Conn. 558, 560, 290 A.2d 348; Sheridan v. Planning Board 159 Conn. 1, 10, 266 A.2d 396; Long v. Zoning Commission, 133 Conn. 248, 252, 50 A.2d 172.
Before the court is able to entertain the merits of the plaintiffs' case, the issue of aggrievement, which is a prerequisite to the court's exercise of jurisdiction in this or in any other administrative appeal, must be met and satisfied. Walls v. Planning Zoning Commission, 176 Conn. 475, 479; Fletcher v. Planning Zoning Commission, 158 Conn. 497, 501; Hughes v. Town Planning Zoning Commission, 156 Conn. 505, 509. In situations where appellants are not statutorily aggrieved, they must, of necessity, establish classical aggrievement. Our CT Page 10881 courts have declared a two-fold test to establish classical aggrievement:
"First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision."
Walls, supra at 477-478.
In Sheridan v. Planning Board of the City of Stamford,159 Conn. 1, 2, 266 A.2d 396, 402, the court stated, "As a matter of law, there can be no aggrievement when the zoning regulations of a municipality are amended in such a way that no particular area or property is affected." See also Schwartz v. Town Plan Zoning Commission, 168 Conn. 20, 23, 357 A.2d 495, 497. Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Association v. Planning Zoning Commission, 219 Conn. 303, 307, ___ A.2d ___ (1991). "The question of aggrievement is essentially one of standing." DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369. 373,588 A.2d 244 (1991), and unless the plaintiff alleges and proves aggrievement, his appeal must be dismissed. Id. To be an aggrieved person, "one must be affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community, and the appellant must be specifically and injuriously affected as to property or other legal rights." Winchester Woods, supra at 307. Aggrievement is established if there is a possibility as opposed to a certainty that a legally protected interest has been affected adversely. DiBonaventura, supra at 369. Mere generalizations and fears, however, do not establish aggrievement. Caltabiano v. Planning and Zoning Commission, 211 Conn. 662, 668, 560 A.2d 975
(1989).
The remaining plaintiffs have failed to demonstrate a specific, personal and legal interest as distinguished from a general interest such as is the concern of members of the community as a whole and to establish a specific and legal interest which has been specially and injuriously affected by the action by the commission. Walls, supra 478. "Mere generalizations and fears . . . do not establish aggrievement." Walls, supra, 478; Sheridan supra, 14.
Prior to the change in the regulations, section 3.5. .2.d. CT Page 10882 provided for a special permit in the R-3 zone for "permanent sawmill, provided it is located 500 feet from any lot line". The amendment to the regulations provided for "permanent sawmill for limited commercial use, subject to the requirements of Article VII, subsection 8.20." Appendix A. It will be noted that the amendment provided for more control, 8.20.5, standards for location, 8.20.6 as well as vehicular access and use, 8.20.8. It is therefore apparent that the concerns of the plaintiffs regarding the effect of the amendment are carefully dealt with in the regulation. Therefore, even if aggrievement were established, the plaintiffs could not establish their claims.
 II
In reviewing the record on an appeal from an action of a planning and zoning commission in amending its regulations, it is not the function of a court to pass upon the legislative judgment of a commission. As stated in Burnham v. Planning and Zoning Commission, 189 Conn. 261, the supreme court stated regarding the review of a legislative decision, at page 265, and 266:
 In such circumstances, it is not the function of the court to re-try the case. Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached. Calandro v. Zoning Commission, 167 Conn. 439, 440, 408 A.2d 229 (1979).
 We have said on many occasions that courts cannot substitute their judgment for the wide and liberal discretion vested in local zoning authorities when they have acted within their prescribed legislative powers. Courts must not disturb the decision of a zoning commission unless the party aggrieved by the decision establishes that the commission acted arbitrarily or illegally. First Hartford Realty Corp. v. Town Plan Zoning Commission, 165 Conn. 533, 540-41, 388 A.2d 490 (1973).
 The courts allow zoning authorities this discretion in determining the public need and the means of meeting it, because the local authority lives close to the circumstances and conditions which create the problem and shape the solution. Stiles v. Town Council, 159 Conn. 212, 219, 268 A.2d 395 (1970).
For the reasons set forth, the appeal is dismissed.
PICKETT, J. CT Page 10883