[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the Court on an appeal of a decision by the Stonington Inland Wetlands and Watercourses Commission (Commission) denying the application of the plaintiff to conduct regulated activities in a wetland area.
The subject area consists of approximately forty-nine acres and is in a residential R-80 zone and contains about nine acres of wetlands.
On September 29, 1989, the plaintiff filed an application with the Commission to obtain a permit for a nine-lot subdivision. The activity required that there be filling and grading within the wetlands area in order to construct an access road and driveway crossings. Only .33 acres of wetland would be impacted by the proposed activity.
The subject property abuts North Stonington Road along two segments which are separated by a parcel of property belonging to Alvin and Helen Whitford. The first frontage segment extends easterly along North Stonington Road from the intersection of Lantern Hill Road and North Stonington Road for a distance of approximately three hundred feet. The Whitford parcel then continues in an easterly direction for the next two hundred twenty-five feet. The second frontage segment of the plaintiff's property continues in the same direction for another two hundred feet.
The subdivision regulations require that any road into a subdivision must be a minimum of five hundred feet from the nearest intersection. The only road or roadway location CT Page 434 available to the plaintiff, which would comply with the regulations, is through the second segment of the plaintiff's property directly east of the Whitford property. This is the proposed access and requires some filling and grading to achieve that result.
There have been a series of applications relative to the development of the parcel. This latest application was heard on December 1989 and continued again on January 10, 1990 after due notice. On February 7, 1990, the Commission voted to deny the application.
The court must first determine if the plaintiff is an aggrieved party.
Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Associates v. Planning Zoning Commission, 219 Conn. 303,307, ___ A.2d ___ (1991); DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369, 373, 588 A.2d 244 (1991). "To be an aggrieved person, one must be affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest. . .and the appellant must be specifically and injuriously affected as to property or other legal rights." Smith v. Planning Zoning Board, 203 Conn. 317, 321,524 A.2d 1128 (1987).
The owner of the property which forms the subject matter of the application to the agency is always aggrieved. Huck v. Inland wetlands Watercourses Agency, 203 Conn. 525,530, 525 A.2d 940 (1987); Bossert v. Norwalk, 157 Conn. 279,285, 253 A.2d 39 (1968). The plaintiff has placed in the record a certified copy of a warranty deed verifying such ownership (Exhibit A), the plaintiff is therefore aggrieved.
The Court further finds that the plaintiff has exhausted its administrative remedies and may bring this appeal pursuant to Connecticut General Statutes Section22a-43.
"The agency's decision must be sustained if an examination of the record discloses evidence that supported any one of the reasons given." Huck v. Inland Wetlands 
Watercourses Agency, supra, 539-540. The evidence supporting such reason must be substantial. Id., 540. The credibility of witnesses and the determination of factual issues are within the province of the agency. Id., 540-541. The court must take into account that the record may contain contradictory evidence, but the possibility of drawing inconsistent CT Page 435 conclusions does not prevent the agency's findings from being supported by the record. Id., 542.
The plaintiff raises three issues as its basis for the appeal. It first argues that the Commission violated its own regulations and enabling legislation by its failure to state on the record the factual basis for its denial.
Section 11.3 of the Commission's regulations states that the Commission state upon the record its reasons or basis for its decision, said decision should be grounded fully on the record and shall incorporate a statement relative to the consideration of feasible and prudent alternatives. See also Connecticut General Statutes Section 22a-42a (as amended by Connecticut Public Acts No. 89-356, Sec. 16 (1989)). See also Gagnon v. Inland Wetlands Watercourses Commission, 213 Conn. 604,611 (1990).
The Commission's decision clearly states the factor upon which it relied in rendering its decision. Its decision reads: "Denied. Reason and/or stipulation: Based on Sec. 2.1, 1, 2, 3, 4, 5 6 — recommend driveway servicing lots 1, 2 4 near intersection on North Stonington Road and Lantern Hill Road through Lot 1."
The sections referred to in its decision and
referred to by reference are as follows:
 2.ly. "Significant activity" means any activity, including but not limited to, the following activities, which may have a major effect or significant impact on the area for which an application has been filed or on another part of the inland wetland or watercourse system:
 1. Any activity on a wetland or watercourse involving a deposition or removal of material which will or may have a major effect or significant impact on the regulated area or on another part of the inland wetland or watercourse system, or
 2. Any activity which substantially changes the natural channel or may inhibit the natural dynamics of a watercourse system, or CT Page 436
 3. Any activity which substantially diminishes the natural capacity of an inland wetland or watercourse to support desirable fisheries, wildlife, or other biological life, prevent flooding, supply water, assimilate waste, facilitate drainage, provide recreation or open space or other functions, or
 4. Any activity which causes substantial turbidity, siltation or sedimentation in a wetland or watercourse, or
 5. Any activity which causes substantial diminution of flow of a natural watercourse, or groundwater levels of the regulated area, or
 6. Any activity which causes or has the potential to cause pollution of a wetland or watercourse.
Clearly, the statutory requirement and the Commission's own regulations have been satisfied by the language of the denial.
When the issue is raised as to whether or not the record contains substantial evidence to support the denial the court must search the record. Gagnon v. Inland Wetlands Watercourse Agency, supra, 609-611. When such substantial evidence is found, the decision of the commission must be upheld. Huck v. Inland Wetlands Watercourses Agency,203 Conn. 525, 539-540 (1987). The commission's decision should be sustained if even one of the stated reasons is sufficient to support it. Primerica v. Planning Zoning Commission,211 Conn. 85, 96 (1989).
This Court is of the opinion that the record contains substantial evidence to support the Commission's denial. Its thoughtful recommendation of a prudent and feasible alternative accessing three of the lots by means of a common driveway was an attempt by the Commission to obviate or minimize the impact on the wetlands. Further, the record is replete with testimony of abutting owners concerning possibility of flooding, potential pollution of local wells, recommended alternatives by the town conservation commission and testimony concerning the impact on local flora and fauna.
The record is substantially supported by testimony that plaintiff's proposal of a crossing over the wetlands CT Page 437 would constitute a significant activity which would, inter alia, involve the filing of wetlands and potentially result in the pollution of the watercourses and wetlands.
Accordingly, the Court cannot substitute its judgment for that of the wide and liberal discretion vested in the Commission. Especially when that decision is grounded on substantial evidence. Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554, 572-573 (1988).
Further, the decision of the Commission clearly informs the plaintiff that the proposed access over wetland areas is problematic and provides the plaintiff with guidance as to a prudent and feasible alternative. Finally, the regulations are not violated since the 500-foot spacing minimum does not pertain to driveways.
The second issue raised by the plaintiff is that the denial of the application constitutes an unlawful taking of its property.
Both Connecticut and federal courts require the property owner asserting a taking to show that he has been finally deprived by the land use agency of the reasonable and proper use of his property before he can successfully claim an unconstitutional taking. McDonald, Summer Frates v. Yolo Country, 477 U.S. 340, 348-351 (1986); Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172,186-194 (1985); Gil v. Inland Wetlands Watercourses Agency,219 Conn. 404, 415, ___ A.2d ___ (1991); Luf v. Southbury,188 Conn. 336, 351-352, 449 A.2d 1001 (1982); Manor Development Corp. v. Conservation Commission, 180 Conn. 692, 695,433 A.2d 999 (1980); Brecciaroli v. Commissioner of Environmental Protection, 168 Conn. 349, 356, 362 A.2d 948 (1975).
The finality requirement differs from the doctrine of exhaustion of administrative remedies in that "the finality requirement is concerned with whether the initial decision maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury. . . ." Williamson County Regional Planning Commission, supra, 193.
"To demonstrate the requisite finality, a property owner asserting a regulatory takings claim bears the burden of proving that the relevant government entity will not allow reasonable alternative use of his property." Gil v. Inland Wetlands Watercourses Agency, supra, 415. It is found that the plaintiff in this appeal has not demonstrated the requisite finality because it has failed to show that the Commission will not allow any or all reasonable alternative CT Page 438 use of his property.
The record reveals that the plaintiff has not established the maximum level of development that the Commission will probably allow for the property.
The plaintiff is not restricted to submitting one subdivision proposal. It may submit any proposal involving less than nine lots in whatever configuration which is acceptable to the Commission. In fact, the Commission's decision recommended a proposal which would have allowed use of the land. Also, the fact that the land lies in a "wetland" status should act as a red flag warning that development would be difficult and repeated application might be necessary before approval is given. See Gil v. Inland Wetlands Watercourses Agency, supra, 416.
The requisite finality has not been established and the taking claim is premature.
The final claim raised by the plaintiff is that the decision of the Commission was illegal, arbitrary and in abuse of its discretion.
This claim may be summarily disposed of by reference to the decision of the Commission. The substantial evidence in the records amply indicates that the Commission acted in compliance with its regulations and the statutes.
For the reasons given, the appeal is hereby dismissed.
MIHALAKOS, J.