[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
Defendants, R. K. Health Services, Inc. ("R.K."), Gilbert Hill Corporation ("Gilbert Hill"), and Perkin-Elmer Corporation ("Perkin-Elmer"), move to dismiss the administrative appeals Grieco v. Redding Conservation Commission, et al., Docket No. CV91-0306219, and as to the plaintiff, Thomas Grieco solely, Grieco, et al. v. Redding Zoning Commission, et al., Docket No. CV91 0306827. The defendants contend that Thomas Grieco ("Grieco") is not aggrieved by the Commission's decision in either of the two actions, and therefore lacks standing to bring them.
Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Associates v. Planning Zoning Commission, 219 Conn. 303,307 (1991); DiBonaventura v. Zoning Board of Appeals,24 Conn. App. 369, 373 (1991). "The question of aggrievement is essentially one of standing." Id., 373. Unless the plaintiff alleges and proves aggrievement, his or her appeal must be dismissed. Id.; Fuller v. Planning Zoning Commission, 21 Conn. App. 340, 343 (1990).
Both of the present cases arise out of R. K. and Gilbert Hill's attempt to develop a life care facility project (the "project") on approximately 144 acres in Redding. One of the cases is an appeal of a decision of the Redding Zoning Commission ("Zoning Commission") approving rezoning and site plan applications in connection with the project; the other is an appeal from the grant of an inland-wetlands license by the Redding Conservation Commission ("Conservation Commission"). The cases were consolidated at the request and by agreement of counsel.
The following facts are common to both: CT Page 598
The plaintiff, Grieco, owns real property located on the northerly side of Blueberry Hill Road in Redding. He has owned this property continuously during the entire course of this appeal.
The defendant, R. K., is the contract purchaser of a 135 + acre tract of land located south of Blueberry Hill Road, which land is owned by the defendant, Perkin-Elmer.
The defendant, Gilbert Hill, is the contract purchaser of an adjacent 8 + acre tract of land located south of Blueberry Hill Road. Together these tracts comprise the property proposed for the location ("site") of the project. Also included as a part of the site is a 2.3362 acre parcel, known as Parcel A, owned by Perkin-Elmer and located in a residential zone. Appurtenant to parcel A is an easement providing a right of way over an adjoining residential parcel, now or formerly owned by Catugno, a disinterested third party, to Blueberry Hill Road. This easement, the site's only access from Blueberry Hill Road, has not been used or improved.
Grieco's property and the right of way are separated by Blueberry Hill Road which is 50 feet in width.
On May 21, 1991, the Conservation Commission approved R. K. and Gilbert Hill's application to conduct regulated activities on the site in order to develop the project.
On July 24, 1991, the Zoning Commission approved the applications of R. K. and Gilbert Hill to rezone approximately 141.523 acres of the site's total 143.859 acres. It also approved their site plan application thereby allowing the construction of a 299 unit health care facility on the site subject, however, to certain special conditions. One of those conditions provides that "access to site from Blueberry Hill Road be designated on the site plan as abandoned." On July 16, 1992, Perkin-Elmer quitclaimed its interest in the easement to the then owners of the servient premises, Catugno's successors in title.
Treating the Zoning Commission case first, it is clear that a person, pursuant to section 8-8(a) of the General Statutes, has standing to maintain an appeal from a zoning CT Page 599 commission's decision if such person is "aggrieved by" that decision (classical aggrievement), or if such person owns land that abuts or is within a radius of 100 feet of any portion of the land involved in the decision of the commission (statutory aggrievement). "To be . . . [classically aggrieved], one must be affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community, and the appellant must be specially and injuriously affected as to property or other legal rights." Smith v. Planning Zoning Board, 203 Conn. 317, 321 (1987); Winchester Woods Associates v. Planning Zoning Commission, supra, 307; Caltabiano v. Planning Zoning Commission,211 Conn. 662, 668 (1989).
Aggrievement is established if there is a possibility as opposed to a certainty that a legally protected interest has been affected adversely, Hall v. Planning Commission,181 Conn. 442, 445 (1980), but mere generalizations and fears, however, do not establish aggrievement. Caltabiano v. Planning Zoning Commission, supra, 668; Walls v. Planning Zoning Commission, 176 Conn. 475, 478, (1979).
The testimony elicited as to classical aggrievement in the present case is unconvincing and, at best, very speculative. Principally, it evidenced Grieco's concern with the possibility of the right of way being used to provide a means of access for vehicular traffic from the project to Blueberry Hill Road, and the harmful effects such use would have on his family and his property.
Under the present circumstances, this claim is of no merit since site plan approval was conditioned, inter alia, on the right of way in question being abandoned.
Toward that end, Perkin-Elmer, the owner of the dominant property to which the right of way was appurtenant, released its right, title and interest in and to the easement by quitclaiming same to the owner of the servient property.
Grieco also evidenced concern regarding the possibility of damage resulting from blasting should blasting take place at the site during construction of the project. His fear, however, falls far short of establishing proof of classical CT Page 600 aggrievement; consequently, the court looks next to the proof of statutory aggrievement. Toward that end, plaintiff, Grieco, alleges that his property abuts or is within a radius of 100 feet of a portion of the land involved in the Zoning Commission's decision. In other words, plaintiff claims aggrievement because the easement in question, the access to Blueberry Hill Road that had to be abandoned as a special condition of site plan approval, is a "portion of the land involved in the decision of the agency" and the southerly line of his property and the northerly terminus of that easement, at best, abut at the center of Blueberry Hill Road, or at worst are within 50 feet of each other.
Of course, distance is not the real issue here since the court has already found the distance between the two to be 50 feet; the real issue is whether the easement, the right of way, can be considered to be land involved in the decision of the Zoning Commission within the meaning of section 8-8(a) of the General Statutes. If it cannot, plaintiff's property is 337.7 feet distant from land owned in fee by the defendants, or any of them that was involved in the Commission's decision.
Unfortunately, the parties have failed to cite any case that is on all fours with the case at bar. Defendants do cite Caltabiano v. Planning Zoning Commission, supra, as standing for the proposition that "land involved in the decision" means land owned by the applicant and Shelton Square Limited Partnership v. Planning Zoning Commission, Conn. L. Rptr. 14, (1991), for the proposition that an easement is an insufficient ownership interest to support a finding of statutory aggrievement. However, in Caltabiano, easements were not part of the fact pattern, and therefore were not considered by the court in determining that the phrase "land involved in the decision," in section 8-8(a), refers to the overall parcel of land owned by the applicant rather than a smaller piece or portion of that land, which was the subject of the agency's decision.
In the Shelton Square Limited Partnership case, the plaintiff sought to achieve the status of an "aggrieved person" under section 8-8(a) that provides that an "aggrieved person" includes any person owning land that abuts or is within the radius of 100 feet of any portion of the land involved in the agency's decision. Plaintiff attempted, by CT Page 601 tacking an easement onto its fee, to bring its property line within a radius of 100 feet of the land involved in the agency's decision. The court would not allow it and held that an easement is an insufficient ownership interest to support a finding of statutory aggrievement. Of course, the instant case can be distinguished from Shelton because the plaintiff, Grieco, who seeks the status of an "aggrieved person" in the case at bar owns his Blueberry Hill Road property in fee and does not seek to extend its boundary lines with an easement.
Fortunately, a review of the Zoning Commission's decisions as they relate to the matter at hand will help resolve the problem. On July 24, 1991, the Zoning Commission made two decisions relevant to the present case. It rezoned a large portion of the 144 acre parcel owned by one or more of the defendants, which parcel did not include the right of way in question or the property on which it was located, and it approved a site plan locating the project on the 144 acre site. Again, the easement was not included in the decision. The only consideration given the easement concerned its abandonment. Under these circumstances, to find that it is "land involved" in the decision of the Zoning Commission would be unwarranted and improper. Consequently, the court finds that plaintiff does not own land within a radius of 100 feet of land involved in the Commission's decision and, therefore, is not statutorily aggrieved.
In regard to the Conservation Commission case, plaintiff maintains that his Blueberry Hill property abuts land which is the subject of the application and is also located within a radius of 90 feet of a wetland or watercourse involved in the Commission's decision, and therefore he has statutory standing to maintain this appeal in accordance with section 22a-43(a) of the General Statutes.
Section 22a-43(a) grants standing to maintain an appeal of a decision by a conservation commission to two categories of persons, those who are classically aggrieved by the commission's decision and those who are statutorily aggrieved, the latter including "any person owning or occupying land which abuts any portion of land or is within a radius of ninety feet of the wetland or watercourse involved in any regulation, order, decision or action made pursuant to said sections. . . ." CT Page 602
Plaintiff does not claim to be classically aggrieved by the Commission's decision, and therefore must prove statutory aggrievement by a preponderance of the evidence in order to maintain his appeal.
The plaintiff claims that his property abuts the easement located on the former Catugno property. The court, without discussion, earlier found that the plaintiff's property and the easement or the land on which the right of way is located do not abut. Perhaps one of the reasons for the court's decision should be set out.
Plaintiff claims to own to the center of Blueberry Hill Road on the basis of the following principle: "An abutting owner is presumed under the law of this state, no evidence having been offered to the contrary, to own the fee of the land to the center of the highway." Antenucci v. Hartford Roman Catholic Diocesan Corporation, 142 Conn. 349, 355
(1955). However, credible testimony of Wilmajianne B. Williamson, title searcher, indicates that the original developers, James C. Driscoll Jr. and John B. Driscoll, conveyed the northerly portion of Blueberry Hill Road to the Town of Redding in 1952, while retaining the fee in the remaining roadway. Although, in 1956, at the request of Peter Driscoll, the Town of Redding did accept the extension of Blueberry Hill Road as a town highway. Consequently, the presumption relied upon by the plaintiff to gain the fee to the center of the road stands rebutted since credible evidence puts the fee to a portion of the roadway in the Driscolls and a portion in the town.
The plaintiff also attempted to convince the court that by implication and necessity the easement would extend to the center of the roadway, but the court remains unconvinced.
The final claim made by the plaintiff is that his property is within a radius of 90 feet of a stream involved in the order, decision and action of the Conservation Commission with respect to the application which is the subject matter of this appeal.
The court stands convinced, by the testimony of the plaintiff and Stanley Schleifen, former Wetlands Enforcement Officer for the Conservation Commission, that plaintiff's CT Page 603 Blueberry Hill Road property is located within 90 feet of a stream that flows, albeit, intermittently at times, to the 144 acre parcel which is the site of the proposed care facility. The stream, after it enters the 144 acre site, enters a headwall and is piped underground across much of the parcel, emerging at another headwall and ultimately discharging into the Gilbert and Bennett Brook.
Information concerning drainage aspects of the stream was included in the materials submitted to the Conservation Commission by the engineering firm involved with the project, and the court finds that the stream was involved in the order, decision and action of said Commission. Consequently, the court finds that the plaintiff has proved statutory aggrievement and has standing to maintain this appeal.
Therefore, in accord with the foregoing discussion and findings, the court grants defendants' motions to dismiss in the case of Grieco, et al. v. Redding Zoning Commission, et al., Docket No. 30 68 27, and denies defendants' motions to dismiss in Grieco v. Redding Conservation Commission, et al., Docket No. 30 62 19.
WEST, J.