[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 4239
The plaintiffs have appealed the Commission's decision to deny their application for special case approval.
The plaintiffs are the owners of property located at 593-595 Main Street in Stratford. The property is located in the CA zoning district, which is labeled a "Retail Commercial District".
In 1979, the plaintiffs received approval to construct five apartments on the second floor of the restaurant. At some time thereafter, the plaintiffs converted the largest apartment, which had been used as their residence, into five efficiency apartments. The existence of the nine apartments was discovered during a routine inspection by the Fire and Building Departments in 1989.
In 1990, the plaintiffs applied to the Commission in order to gain retroactive special case approval for the expansion from five to nine apartments. That application was denied by the Commission, and the plaintiffs appealed to the superior court. The court (Dean, J.) dismissed the plaintiffs' appeal on the ground that the subject property did not contain the requisite number of parking spaces under Section 12.5 of the Stratford Zoning Regulations to accommodate the restaurant and nine apartments.
On September 18, 1991, the plaintiffs filed the current application for special case approval with the Commission, in order to gain zoning approval for the still existing nine apartments. At the public hearing on the plaintiffs' application, held November 19, 1991, the plaintiffs presented three alternative parking plans which they asserted would meet the requirements of Section 12.5 of the regulations. On December 23, 1991, the Commission voted unanimously to deny the plaintiffs' application, for the following reasons:
1. There is not adequate parking to support these extra apartments.
2. The granting of this petition would set a precedent for other developments of this type.
3. No hardship was shown, and this conversion does not meet the zoning regulations for a CA District.
The plaintiffs filed this appeal on January 21, 1992, alleging in their complaint that the Commission acted illegally, arbitrarily, CT Page 4240 and in abuse of its discretion in denying their application for special case approval. The court heard testimony and argument on this appeal on February 26, 1993, and March 12, 1993.
The preliminary issue is one of aggrievement. "The question of aggrievement is essentially one of standing." DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369, 373, 588 A.2d 244 (1991). Aggrievement is a statutory prerequisite to maintaining an appeal. Smith v. Planning and Zoning Board, 203 Conn. 317, 321, 524 A.2d 1128
(1987). The owner of property that is the subject of an agency's decision is considered aggrieved and is entitled to maintain an appeal. Bossert Corp. v. Norwalk, 157 Conn. 279, 285, 253 A.2d 39
(1968).
At the public hearing, the plaintiffs presented copies of their deeds to the subject property. At the hearing before the court, plaintiff Marisa Giansanti testified that she and her husband are the owners of the subject property. Accordingly, the plaintiffs are aggrieved and are entitled to bring this appeal.
"When ruling upon an application for a special permit, a [zoning authority] acts in an administrative capacity." (Citations omitted.) Double I Limited Partnership v. Plan and Zoning Commission, 218 Conn. 65,72 588 A.2d 624 (1991). A zoning commission "is endowed with a liberal discretion, and its action is subject to review by the court only to determine whether it was unreasonable, arbitrary or illegal." Schwartz v. Planning and Zoning Commission, 208 Conn. 146, 152,543 A.2d 1339 (1988). "Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record." Primerica v. Planning and Zoning Commission, 211 Conn. 85,96, 558 A.2d 646 (1989)." The action of the commission should be sustained if even one of the stated reasons is sufficient to support it." Id. The plaintiff has the burden of proving that the commission acted improperly. Adolphson v. Zoning Board of Appeals,205 Conn. 703, 707, 535 A.2d 799 (1988).
The plaintiffs applied for special case approval under Section 20.1 of the regulations. "A special permit authorizes a use permitted by the zoning regulations subject to the applicant's meeting the standards set forth in those regulations." Barberino Realty and Development Corp. v. Planning and Zoning Commission,25 Conn. App. 392, 396, 594 A.2d 1025 (1991).
 When deciding whether the granting of a special permit is appropriate, the agency must determine CT Page 4241 whether (1) the applicant's proposed use is permitted under the regulations, (2) the standards and the relevant zoning regulations are satisfied, and (3) the conditions necessary to protect public health, safety, convenience and property values can be established.
One owning property in a CA zoning district may thereupon make "[a]ny use permitted in a RM or LB district including residence apartments subject to all provisions of subsections 5.1, 5.3 and 6.1." Zoning Regulations of the Town of Stratford, 7.1.1. Section 5.1 of the regulations permits the construction of a "dwelling for not more than two families" in the RM district. Section 5.3 of the regulations allows the construction of a "residence apartment development", which is defined as "any building designed and constructed for use as a residence building for 10 or more families" in the RM district.
The plaintiffs' construction of nine apartments above their restaurant is neither a two family dwelling nor a residence building for ten or more families. Therefore, the plaintiffs' current use of the property is not permitted by the zoning regulations. Because such a use is not permitted in the CA zoning district, that use could not be authorized by special case approval. The Commission's third reason for denying the plaintiffs' application, that the use does not meet the zoning regulations for the district, is supported by the record and the regulations.
Accordingly, the plaintiffs' appeal is dismissed.
G. SARSFIELD FORD, JUDGE