[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs appeal, pursuant to General Statutes § 8-8, a decision of the defendant Plainville Planning and Zoning Commission ("Commission") approving the site plan application of the defendant, Plainville NWD Limited Partnership ("Partnership"). Because the Partnership is a real party of interest in the site plan application, the appeal is dismissed.
The Partnership's plan is to develop the approximately 20 acre property for a retail store (Walmart) with 102,000 square feet of floor space.[1] The plaintiffs Carol Salyards and Lawrence Salyards own real property located within 100 feet of the proposed development site. (Plaintiffs' Court Exhibits 1 and 2.) The Salyards are statutorily aggrieved persons pursuant to § 8-8 (1).
The case raises the single issue[2] of the standing of the Partnership to file its site plan with the Commission. CT Page 4696
It is the law in Connecticut that a party applying to a Planning and Zoning Commission must have sufficient interest in the property to be legally entitled to make the application. Richards v. Planning Zoning Commission,170 Conn. 318, 321 (1976). Stated another way the issue is whether the applicant had standing to request the Commission's action on the site plan approval. D.S.Associates v. Planning Zoning Commission,27 Conn. App. 508, 511 (1992).
The development site property is owned by William Delfino, Thomas Delfino, Paul R. Matteo and Martin Stein (Plaintiffs' Exhibit #3) in a partnership known as the Tyler Farms Group. The owners entered into an Option Agreement and Purchase and Sale Agreement ("Option") for the subject property with Plainville NWD Real Estate Trust ("Trust"). The Partnership has an oral agreement with the Trust; whereby upon the issuance of the permits necessary for the development, the Trust will assign the option to the Partnership. (T. June 14, 1996, and January 21, 1997.) The Trust beneficiaries are J. Robert Connor, Chuck Irvine, Ben Devine and Andrew Rocket. The Partnership consists of the individual trust beneficiaries and Charter House Development Corporation, as General Partner. J. Robert Connor is the President of Charter House Development Corp. The Trustee of the Trust is Attorney Manke who also serves as legal counsel to the Trust and Partnership.
The Plainville Commission regulations do not require that the application be filed by the owner. Thus, the issue is as a matter of law does the Partnership have standing to bring the "Site Plan Application" to the Commission.
In Richards v. Planning Zoning Commission, supra,170 Conn. 318, the standing of a non-owner applicant to apply for a special permit or variance was at issue. The court described the issue and standard as follows:
 From an examination of our cases and those of other jurisdictions, it is not possible to extract a precise comprehensive principle which adequately defines the necessary interest which a nonowner must possess in order to have standing to apply for a special permit or a variance. The decisions CT Page 4697 have not been based primarily on whether a particular applicant could properly be characterized as an optionee or a lessee, but, rather, on whether the applicant was in fact a real party in interest with respect to the subject property. Whether the applicant is in control of the property, whether he is in possession or has a present or future right to possession, whether the use applied for is consistent with the applicant's interest in the property, and the extent of the interest of other persons in the same property, are all relevant considerations in making that determination.
Richards v. Planning Zoning Commission, supra,170 Conn. 323-24.
In this case like Richards the zoning regulations did not require an applicant to be the owner and the Commission was not contesting the applicant's standing.[3]
It is undisputed that the Partnership has not only filed the "Site Plan Application" but has paid all option costs as well as all expenses in the pursuit of this application. The Trustee of the Trust recognizes an obligation to assign or transfer the option to purchase to the Partnership upon its successful conclusion of the permitting process. The owners of the property have consented in writing to the Partnership "Site Plan Application" (Plaintiffs' Exhibit #3) and optioned its property to the Trust. The Trust has an oral agreement with the Partnership to assign the option. The Partnership in the analysis of Richards "was in fact a real party in interest with respect to the subject property." Richards v.Planning Zoning Commission, supra, 170 Conn. 323.
The applicant's interest in the property, as in this case, may be equitable in nature. Loew v. Falsey,144 Conn. 67, 73-74 (1956). In Richards this was explicitly recognized. "By analogy, an equitable owner may properly apply for a variance[3] under zoning regulations. In Nielsenv. Board of Zoning Appeals, 129 Conn. 285, and more recently in Chevron Oil Co. v. Zoning Board of Appeals,170 Conn. 146, we implicitly recognized the right of certain lessees of property to apply for a permit or variance, and that CT Page 4698 recognition is in accord with the general rule. See note, 89 A.L.R.2d 663, 677 § 5." (Footnote added; internal quotation marks omitted.) Richards v. Planning ZoningCommission, supra, 170 Conn. 322.
Clearly the Partnership had an equitable interest created by its agreement, and the payment of the option costs and costs of prosecuting the extensive site plan development costs.
The Plaintiffs challenge the oral agreement between the Trust and Partnership under the Statute of Frauds, General Statutes § 52-550. The application of the Statute of Frauds to the Partnership's equitable interest is unlikely. Hieblev. Hieble, 164 Conn. 56, 59 (1972): "In this jurisdiction, however, the law is established that the Statute of Frauds does not apply to trusts arising by operation of law." Also, see Wolfe v. Wallingford, 124 Conn. 507 (1938); andReynolds v. Reynolds, 121 Conn. 153, 158 (1936).
Plaintiffs also rely on D.S. Associates v. Planning Zoning Commission, supra, 27 Conn. App. 508; in which the applicant for subdivision approval had their appeal dismissed because they lacked standing. That decision was based on the Planning Zoning Commission regulation requiring that "Application for approval of a plan of subdivision shall be made by the owner(s) of record of the subject property. . . ." Id., 511. There is no analogous requirement in the Plainville Commission's regulations.
The purpose of the standing requirement was reviewed by the Appellate Court in an analogous case:
 Standing is not a technical rule intended to keep aggrieved parties out of court, nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented.
(Internal quotation marks and citations omitted.)DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369, CT Page 4699 373-74 (1991). The DiBonaventura decision involved the requirement of zoning board of appeals approval prior to obtaining a motor vehicle repairer or license. InDiBonaventura the father owned the land and the son was operator of the business. The son applied for the zoning approval and the trial court dismissed his appeal of the zoning denial on the basis of the property ownership. The Appellate Court reversed noting the trial court's "overly technical application of the test for aggrievement." Id., 377.
The court finds that the Partnership was a real party of interest with respect to the site plan application and dismisses the plaintiffs' appeal.
Robert F. McWeeny, J.