[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff World Auto Service, LLC, appeals a decision of the defendant zoning board of appeals of the city of Hartford denying the plaintiff's application for a special exception. The board acted pursuant to General Statutes § 8-6. The plaintiff appeals pursuant to § 8-8. The court finds in favor of the plaintiff.
The facts essential to the court's decision are undisputed and are fully reflected in the record. The plaintiff operates an auto repair business on the property in question. It purchased the business and leases the property from the owner of the property, Manuel Cordeiro.
The plaintiff applied to the defendant board for a special exception to expand its business and operate a used car dealership on the premises in addition to the existing repair business. The property is located in a B-3 zone, where both kinds of businesses are permitted without the necessity of a special exception from the board. The building on the property does not comply with the setback provisions of the zoning regulations, however, and the plaintiff needed some affirmative permission from the board as part of its application to the department of motor vehicles for a license to conduct the car dealership. The plaintiff applied for a special exception, therefore. The board, after a hearing, denied the application.
Based on the facts set forth above, the court finds that the plaintiff is aggrieved by the board's decision. See Primerica v.Planning Zoning Commission, 211 Conn. 85 (1989); DiBonaventurav. Zoning Board of Appeals, 24 Conn. App. 369 (1991).
Some additional historical facts are relevant at this point. In 1979, the owner of the property, desiring to enlarge the CT Page 6839 building, obtained from the defendant board a variance from the rear and side yard restrictions, thus allowing the construction of the present building. So, although the building on the property does not, indeed, conform to the setback regulations, that nonconformity was specifically authorized by the board when it granted the variance.
Unquestionably, the board had authority to grant the variance and, once granted, the variance permanently altered the status of the property vis a vis the zoning regulations, in particular those regulations requiring setback. "Setback variances are probably the great majority of applications to the zoning board of appeals." R. Fuller, Land Use Law Practice, § 4.35, p. 96. "A variance is authority granted to a property owner to use his property in a manner forbidden by the zoning regulations. A variance is granted for the particular piece of property and benefits the present owner and all subsequent owners." Id., § 9.2, p. 148. When the owner of the property in question obtained the variance in 1979, the board in effect exempted the property from the setback regulations, at least to the extent that the present building is incompatible with them. The building does not constitute a nonconforming use that preexisted the regulations, therefore; the regulations simply have never applied to it.
It follows that the plaintiff did not need to obtain a special exception to the regulations in order to conduct another permitted business on the premises. It also follows that the board, having granted the variance from the regulations in the past, has no authority now to invoke those regulations to prevent the plaintiff from conducting an otherwise permitted use.
For all of the above reasons, the plaintiff's appeal is sustained.
MALONEY, J.