BELLE CAMPERLAND, INC. *v.* COMMISSIONER
OF TRANSPORTATION
(3541)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued November 5—decision released December 31, 1985

*Joseph C. Morelli,* with whom, on the brief, was *Joseph Adinolfi, Jr.,* for the appellant (plaintiff).

*Robert T. Morin,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellee (defendant).

PER CURIAM. This is an appeal by the plaintiff from a judgment of a panel of three state trial referees in a condemnation action involving the taking by eminent domain of a parcel of property owned by the plaintiff.

The defendant filed a notice of condemnation and assessment of damages, pursuant to General Statutes § 13a-73 (b). Land, buildings and other improvements located on the land were taken. The defendant determined that the amount of compensation to be paid to the plaintiff was $838,000. The panel found that the fair market value was $903,750 as of the date of the taking, and awarded the plaintiff appraisal fees and costs.

The plaintiff's appraiser testified that the fair market value for the land and improvements was

$1,500,000. The defendant presented two appraisers, one of whom testified to a revised estimate of total fair market value of $726,400, and the other, to a total fair market value of $864,000. The defendant introduced into evidence deeds to a parcel of property, located to the north of the plaintiff's property, which was purchased in 1981 for $312,000. The trial court, in considering these deeds as evidence of a comparable sale, made adjustments to the purchase price for an increase in the market value of property between the date of purchase and the date the plaintiff's property was taken, and for the fact that only a portion of that land could be used for building purposes. The trial court also viewed the plaintiff's land and the buildings located on the property.

The plaintiff claims error (1) in the determination of the fair market value of the realty, and (2) in the allowance into evidence of the price paid for the parcel of property deemed comparable to the plaintiff's property.

The plaintiff's claim that the trial court erred in determining the value of the land and improvements merits a summary disposition. The scope of review of a trial court's factual decision on appeal is limited to a determination of whether it is clearly erroneous in view of the evidence and pleadings. See Practice Book § 3060D. The plaintiff argues that if the evidence is examined in its entirety, "to fix the value of the land . . . when the appellant's appraiser clearly provided the better, fairer and more comprehensive examination of land values in Southington on the date of taking deprived the property owner of 'just compensation' and constituted an abuse of discretion. . . . " The plaintiff would, in effect, have this court adopt the valuation of the condemned property most favorable to the plaintiff.

The trial court was presented with conflicting evidence in the form of different estimates of fair mar-

ket value by three appraisers. Furthermore, the trial court examined the property in question. In determining the value of the property taken, the trial court is required to reach its own conclusions, taking into consideration the opinions of the appraisers, the claims of the parties and the trial court's own general knowledge of the relevant factors in establishing value. The trial court is then responsible for determining the damages which result from the taking. See *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 220–21, 435 A.2d 24 (1980). As part of this process, the trial court is free to accept or reject so much of the evidence offered as it finds necessary or appropriate. Id. 221. The determination of the trial court is reviewable only if it misapplies, disregards, or misinterprets any factor which it was bound to consider, none of which occurred in this case. *E & F Realty Co.* v. *Commissioner of Transportation,* 173 Conn. 247, 253, 377 A.2d 302 (1977); *Greenfield Development Co.* v. *Wood,* 172 Conn. 446, 451, 374 A.2d 1084 (1977); *Birnbaum* v. *Ives,* 163 Conn. 12, 21, 301 A.2d 262 (1972).

The plaintiff's other claim of error concerns the court's consideration of a comparable sale of property which the plaintiff was using for its business operations. The court could consider relevant, competent evidence in its determination of value. The price of that other property is such evidence, particularly when it lies in close proximity to the condemned parcel of land.

There is no error.