DONALD FEIGENBAUM *v.* CITY OF WATERBURY ET AL.
(7085)

DALY, O'CONNELL and NORCOTT, Js.

Argued September 13—decision released October 24, 1989

*Allen J. Segal,* for the appellant (plaintiff).

*John D. Mahaney,* with whom, on the brief, was *Gary S. Roosa,* for the appellee (defendant Waterbury Renewal and Economic Development Agency).

DALY, J. Pursuant to General Statutes § 8-129, on October 24, 1986, the defendant Waterbury Renewal and Economic Development Agency (hereinafter the defendant), agent of the city of Waterbury, took certain property of the plaintiff by eminent domain and filed a statement of compensation fixing damages at $10,500. The plaintiff, pursuant to General Statutes § 8-132, appealed this award to the Superior Court. The court referred the case to the *Hon. James P. Doherty,* state trial referee, who exercised the powers of the Superior Court. See General Statutes §§ 52-434 and 52-434a (a). A hearing was held and judgment was ren-

dered in favor of the plaintiff for an additional amount of $16,500 plus 10 percent interest as damages and $3000 appraisal fees. The plaintiff has appealed from that judgment.

The referee made the following factual findings. The plaintiff's property is a 9000 square foot lot located at 51-59 Maple Street in Waterbury. The lot is irregular in shape and subject to an eight foot wide easement which runs from Maple Street to the rear of the premises. Although the land was vacant at the time of the taking, there had been two buildings that contained numerous residential units. These buildings had fallen into disrepair, had been vacated by previous tenants and had been vandalized. As a result, in 1981, the city of Waterbury condemned the buildings as health hazards and ordered that they be razed. The court also found that the locality had been run down for residential use and that some nonconforming commercial and industrial buildings located in the neighborhood were in various stages of disrepair. At the time of the taking, the land was zoned RH, which allows multi-family residences. Evidence was presented, however, that, on the date of the taking, the city of Waterbury had taken steps for redevelopment purposes to obtain a zone change from multi-family residential use to light industrial use, and that within one year from the taking the zone change had occurred.

The plaintiff's two appraisers valued the property at $161,850 and $165,000. They employed a market data approach using residential sales and concluded that the highest and best use was multi-family residential. The defendant's two appraisers assessed values of $15,000 and $20,000. Although the defendant's appraisers also used residential sales when employing the market data approach, the defendant's appraisers concluded that the highest and best use of the land was as an industrial park.

On the basis of these factual findings, the trial referee concluded that the highest and best use of the condemned land was light industrial, and awarded a total of $27,000 in damages. The plaintiff claims error in the determination of the fair market value of the condemned land.

"The owner of land taken by condemnation is entitled to be paid just compensation. Conn. Const., art. I § 11." *Lynch* v. *West Hartford,* 167 Conn. 67, 73, 355 A.2d 42 (1974). "The usual measure of just compensation is the fair market value or the price that would probably result from fair negotiations between a willing seller and a willing buyer, taking into account all the factors, including the highest and best or most advantageous use, weighing and evaluating the circumstances, the evidence, the opinions expressed by the witnesses and considering the use to which the premises have been devoted and which may have enhanced its value." *Wronowski* v. *Redevelopment Agency,* 180 Conn. 579, 585, 430 A.2d 1284 (1980).

"The scope of review of a trial court's factual decision on appeal is limited to a determination of whether it is clearly erroneous in view of the evidence and pleadings. See Practice Book § 3060D [now § 4061]." *Belle Camperland, Inc.* v. *Commissioner,* 5 Conn. App. 678, 679, 501 A.2d 1226 (1985); see also *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980).

The first argument presented by the plaintiff is that he was denied just compensation because the trial referee concluded that the highest and best use of the condemned land was the lower status light industrial when contrary evidence was presented by the plaintiff's appraisers that the highest and best use of the condemned land was multi-family residential. "The plaintiff would, in effect, have this court adopt the valuation

of the condemned property most favorable to the plaintiff." *Belle Camperland, Inc.* v. *Commissioner,* supra, 679.

In the present case, the trial referee was presented with conflicting evidence from the plaintiff's appraisers and the defendant's appraisers regarding both the highest and best use of the condemned land as well as its actual value, and it is apparent that credibility was a crucial factor. "In the case of a conflict in the opinions of experts, the court's duty is to accept that testimony which appears to be more credible. *Humphrys* v. *Beach,* 149 Conn. 14, 20, 175 A.2d 363 (1961); *Ball* v. *Branford,* 142 Conn. 13, 17, 110 A.2d 459 (1954); Holden & Daly, Connecticut Evidence (1966 and Sup. 1983) § 118 (c). The acceptance or rejection of the opinions of the expert witness is a matter peculiarly within the province of the trier of fact and its determination will be accorded great deference by this court." *Sorenson Transportation Co.* v. *State,* 3 Conn. App. 329, 331–32, 488 A.2d 458, cert. denied, 196 Conn. 801, 491 A.2d 1105 (1985). Because it was not error for the trial referee to give more credence to the opinion of the defendant's appraisers in concluding that the highest and best use of the condemned land was light industrial and because there is nothing in the record which shows that in determining the value of the condemned land the trial referee " 'misapplied or overlooked, or gave a wrong or improper effect to, any test or consideration which it was his duty to regard' "; *Budney* v. *Ives,* 156 Conn. 83, 92, 239 A.2d 482 (1968), quoting *Bennett* v. *New Haven Redevelopment Agency,* 148 Conn. 513, 516, 172 A.2d 612 (1961); we find no error as to this claim.

The plaintiff's second claim is that the trial referee should not have considered evidence of the proposed zone change initiated by the city of Waterbury in determining the fair market value of the land. The plaintiff

conceded at oral argument that *Budney* v. *Ives,* supra, is dispositive of this issue if this court accepts the application of this rule to zone changes initiated by a municipality as opposed to the owner of the property.

The rule as stated in *Budney* is, "where such a [zone] change is reasonably probable and not merely a remote or speculative possibility, the probability may properly be considered in the determination of the fair value of property taken by eminent domain." Id., 88.

We conclude that this rule applies to zone changes initiated by a municipality. This evidence must be considered because "[i]t cannot be doubted that both a prospective purchaser and a seller on the open market would consider the probability of a change in zoning restrictions affecting property which they considered buying and selling where such a change was reasonably probable in the reasonably near future." Id.

Accordingly, in the present case, the trial referee did not commit error in considering this evidence as a factor affecting the value of the condemned land at the time of the taking.

In determining value, " 'a state referee sitting as a court on appeals in condemnation cases is more than just a trier of fact or an arbitrator of differing opinions of witnesses. He is charged by the General Statutes and the decisions of this court with the duty of making an independent determination of value and fair compensation in the light of all the circumstances, the evidence, his general knowledge and his viewing of the premises. . . .' " *Minicucci* v. *Commissioner of Transportation,* 211 Conn. 382, 388, 559 A.2d 216 (1989), quoting *Birnbaum* v. *Ives,* 163 Conn. 12, 21–22, 301 A.2d 262 (1972). Here, the trial referee heard all the evidence, studied the appraisal reports and made his own independent determination of value. Id. It is the task of the court to reach a result that gives the plain-

tiff, as nearly as possible, a fair equivalent in money as just compensation for the land taken and we find nothing in the record that indicates that the court failed to perform this task properly in reaching its evaluation of the plaintiff's property. *Mathis* v. *Redevelopment Agency,* 165 Conn. 622, 623, 345 A.2d 33 (1973).

There is no error.

In this opinion the other judges concurred.