Morton J. Downey, Sr. *v.* Retirement Board
of the City of Waterbury et al.
(8130)

Borden, Daly and Lavery, Js.

Argued February 7—decision released June 26, 1990

*Louise Allen Brown,* with whom, on the brief, was
*John F. Phelan,* assistant corporation counsel, for the
appellants (defendants).

*Linda Selby Tableman,* for the appellee (plaintiff).

DALY, J. The defendants, the Waterbury retirement board and the individual members of the board, appeal from the judgment of the trial court sustaining the plaintiff's appeal from the denial of his request to be rehired as a Waterbury firefighter and to be removed from the disability pension rolls of the board. The defendants challenge the following actions of the trial court: (1) its determination that the plaintiff was aggrieved, (2) its finding that § 2746 of the Waterbury city charter[1] was not repealed by implication by the 1962 Home Rule Act referendum to the city charter (hereinafter 1962 civil service amendment), and (3) its conclusion that the board acted arbitrarily and in abuse of discretion.[2] We affirm the trial court's judgment.

The factual background is not in dispute. The plaintiff had been employed as a firefighter by the Water-

[1] Waterbury Charter and Related Laws § 2746 provides in pertinent part: "Any fire or police participant totally and permanently disabled during the performance of essential duties pertaining to his employment, [shall] be retired for disability . . . . The retirement board shall pay to each regular member employed in the fire . . . department who has been retired for disability . . . a pension during the continuance of such disability. In the event that the board shall, upon competent medical evidence, conclude that the disability for which the employee is receiving a pension no longer exists, the board shall thereupon order a discontinuance of the pension payable to such employee, but not until such employee has been offered reinstatement in the same or comparable employment . . . ." We note that the legislative history of this section indicates that it derives from § 21 of Special Act No. 460 (1951) and Referenda of November 8, 1983.

[2] The defendant's fourth claim is that the court confused the eligibility lists of the civil service rules and regulations with preferred reemployment list. It is unnecessary to consider this claim in light of our holding on the second issue, because the defendants conceded at oral argument that if § 2746 of the Waterbury city charter was not repealed by implication, the plaintiff would be entitled to reinstatement. We also note that because of this concession, we need not remand the case to the board to determine whether the plaintiff presented sufficient medical evidence to establish his lack of disability.

bury fire department from 1953 to July, 1982. In July, 1982, the plaintiff applied for a voluntary disability pension on the basis of the medical diagnosis that he was suffering from heart disease. On September 29, 1982, the board granted the plaintiff's application, awarding him a 76 percent disability pension in the amount of $16,028.83. In addition, the plaintiff received workers' compensation benefits until January, 1988, for a 35 percent permanent partial disability of the heart.

In 1987, the plaintiff, as required by a life insurance policy provided by the city of Waterbury as a retirement benefit, was examined by a physician to determine his continuing disability status. The physician advised him that there was no medical evidence to indicate that he had heart disease that would restrict his activities or work status. This medical finding was later confirmed by a second physician in a letter indicating that the plaintiff was qualified to resume his duties as a firefighter for the city.

In March, 1987, the plaintiff applied to the board to be reinstated as a firefighter for the Waterbury fire department, and to be removed from the disability pension roll. The city requested that the plaintiff be examined by one of the physicians who originally diagnosed him as having severe heart disease that precluded him from working in his position. The plaintiff complied and this physician also concluded that the plaintiff was able to return to his former position.

A hearing before the board was held on April 11, 1988. The plaintiff presented the uncontroverted medical evidence from the three physicians. A letter was introduced from John F. Phelan, assistant corporation counsel for Waterbury, dated March 16, 1988, to the plaintiff's attorney. In that letter, Phelan stated that he was advising the mayor and other city officials that the plaintiff should not be rehired as a firefighter and

should remain on the pension rolls. He asserted that, although § 2746 of the Waterbury city charter would require the plaintiff's reinstatement on a finding by the board, based upon "competent medical evidence" that the plaintiff was no longer disabled, that section was superseded by subsequently enacted civil service legislation. In this letter, Phelan concluded that "there is no basis under Civil Service rules for rehiring a retired firefighter since there is no eligibility list for that category – type of person." The board denied plaintiff's application.

Pursuant to § 2709 of the Waterbury city charter, the plaintiff appealed to the trial court.[3] The court found that the plaintiff was aggrieved, based on the fact that, as a result of the board's decision, he had lost his life insurance policy, was unable to obtain medical insurance, and had been deprived of his only "career" employment. In addition, the court concluded that the board acted arbitrarily and abused its discretion by failing to consider the competent uncontroverted medical evidence and the clear directive of § 2746 of the city charter when it voted that the plaintiff's name not be removed from the disability pension rolls of the city. The court also specifically addressed the defendants' special defense that § 2746 was superseded and repealed by the 1962 civil service amendment to the city charter, finding that the latter legislation was inapplicable. Finally, the court ordered the board to transfer the plaintiff's name to the director of personnel for placement on the city's preferred reemployment list for firefighters, and, when the plaintiff is offered reinstatement to his prior position, to discontinue his pension. This appeal followed.

---

[3] Section 2709 provides in pertinent part: "Any person aggrieved by a decision of said retirement board may, within fifteen days from the date when such decision was rendered, take an appeal . . . ." Waterbury Charter and Related Laws § 2709.

## I

The defendants first challenge the court's finding that the plaintiff had established that he was aggrieved by the board's decision. Specifically, the defendants assert that the court's factual finding that the plaintiff was aggrieved because he was deprived of his only "career" employment was not supported by sufficient evidence. We do not agree.

" 'Pleading and proof of aggrievement [is] . . . a prerequisite to a trial court's jurisdiction over the subject matter of an appeal.' " *Lewin* v. *United States Surgical Corporation,* 21 Conn. App. 629, 631, 575 A.2d 262 (1990), quoting *Beckish* v. *Manafort,* 175 Conn. 415, 419, 399 A.2d 1274 (1978). The question of aggrievement is essentially one of standing; see *Beckish* v. *Manafort,* supra; unless the plaintiff established that he was aggrieved by the decision of the board, he had no standing to appeal. See id.

"Aggrievement, when not based upon a specific statute, is determined by way of a well-settled twofold test. First, the plaintiff must successfully demonstrate a specific, personal and legal interest in the subject matter of a decision. Second, [he] must successfully establish that this interest has been specially and injuriously affected by the decision. *Mystic Marinelife Aquarium, Inc.* v. *Gill,* 175 Conn. 483, 493, 300 A.2d 726 (1978). Further, an aggrieved party must have a claim that is distinguishable from the concerns of the community at large. Id." *Lewin* v. *United States Surgical Corporation,* supra. It is well settled that the question of aggrievement is a question of fact for the trial court. *Bakelaar* v. *West Haven,* 193 Conn. 59, 65, 475 A.2d 283 (1984). " 'The scope of review of a trial court's factual decision on appeal is limited to a determination of whether it is clearly erroneous in view of the evidence

and pleadings.' " *Feigenbaum* v. *Waterbury,* 20 Conn. App. 148, 151, 565 A.2d 5 (1989), quoting *Belle Camperland, Inc.* v. *Commission,* 5 Conn. App. 678, 679, 501 A.2d 1226 (1985).

The record supports the court's determination that the plaintiff was aggrieved by the board's decision. He had lost a life insurance policy and his medical insurance. Furthermore, the evidence that the plaintiff had been employed as a Waterbury firefighter for twenty-nine years supports the trial court's factual finding that firefighting was the plaintiff's "career" employment. The court correctly found that the plaintiff was aggrieved.

## II

In their second claim, the defendants reassert a claim they made to the trial court as a special defense, namely, that the 1962 civil service amendment, which established §§ 201 through 214 of the city charter pertaining to the Waterbury civil service system, repealed the "reinstatement in the same or comparable employment" language of § 2746. See footnote 1, supra.

We note at the outset that the defendants challenge only the board's power to offer reinstatement. The effect of this argument would be that upon the board's finding that an applicant has presented competent medical evidence that he is no longer disabled, as required by § 2746, the board would be required to discontinue that person's pension without an offer of reinstatement in the same or comparable employment.

The defendants rely on the following rule of law: "When a *later statute* covers the *whole subject* to which it relates, it will be held to repeal by implication all prior statutes on the matter." (Emphasis added.) *McAdams* v. *Barbieri,* 143 Conn. 405, 413, 123 A.2d 182 (1956).

There are two prerequisites that have to be met in order for us to find that the language at issue was repealed by implication: (1) that the 1962 civil service amendment was adopted after § 2746; and (2) that the whole subject of reinstatement is covered by the later enacted 1962 civil service amendment. The defendants cannot meet either of these two requirements and, therefore, their claim must fail.

First, the 1962 civil service amendment is not a later enactment. While it is true that § 2746 was originally enacted before the 1962 civil service amendment, that section was later reenacted and modified by a 1983 amendment to the Home Rule Act. See footnote 1, supra. The language at issue was kept intact and the modification that was enacted is not relevant to the case. What is relevant is the reenactment of § 2746 after the 1962 civil service amendment. "When the provisions of an original act are repeated in the body of amendments, either in the same or equivalent words, it is considered that the intent of the legislature is that the original law should continue." *Kimbro* v. *Manson*, 30 Conn. Sup. 20, 26, 295 A.2d 569 (1972). Because it cannot be said that the 1962 civil service amendment was enacted after § 2746, the first prerequisite cannot be met and, thus, the defendant's claim that the 1962 civil service amendment repealed by implication § 2746 must also fail.

Even if we accepted the defendants' argument that only the modified language of § 2746 was adopted in 1983, we would still find that the 1962 civil service amendment does not cover the whole subject of pension plans.

In this vein, the defendants assert that the language at issue in § 2746 is necessarily repugnant to the 1962 civil service amendment, because the civil service com-

mission, not the retirement board, is empowered to deal with hiring and reemployment of firefighters.

Section 205 of the 1962 civil service amendment provides for a civil service commission empowered to adopt rules and regulations that, in relevant part, provide for "(a) the preparation, maintenance and revision of a position classification plan for all positions in the classified service . . . (b) a compensation plan for all employees in the classified service not covered by a collective bargaining agreement . . . (c) open competition examinations to test the relative fitness of applicants for appointment to the respective positions in the competitive division . . . (d) promotions . . . (e) the establishment of eligible lists for appointment and promotion . . . (k) . . . for reinstatment of persons who *resign* in good standing or who are laid off from their positions without fault or delinquency on their part . . . ." (Emphasis added.) Waterbury Charter and Related Laws § 205 (a) through (m); see also Waterbury Charter and Related Laws §§ 201 through 214.

While it is true that this civil service amendment was enacted to instill a broad range of powers in the civil service commission, we do not agree that either the language at issue in § 2746 is repugnant to this statute or that the entire subject of reinstatement has been subsumed by this statute. Indeed, the only language that creates the possibility of a conflict between the power of the retirement board and the power of the civil service commission in this regard is found in subsection (k) of § 205 of the 1962 civil service amendment. That subsection, however, provides that the civil service commission shall promulgate rules and regulations for reinstatment of persons who *resign* in good standing. On the other hand, the retirement board is responsible for reinstatement of firefighters or police officers who *retire* as a result of on the job disabilities.

We conclude that, even if the 1962 civil service amendment was a later enactment, its establishment of a civil service commission with certain powers is neither repugnant to the language at issue in § 2746 nor is it exclusive on the subject of reinstatement. The 1962 civil service amendment relates only to the formation of a merit system; it does not cover retirements.

" 'Repeals by implication are not favored and will never be presumed where the old and new statute may well stand together. . . . "[I]f courts can by any fair interpretation find a reasonable field of operation for both statutes without destroying or perverting their evident meaning and intent, it is the duty of the courts to do so, thus reconciling them and according to them concurrent effect." ' " (Citations omitted.) *State* v. *Carbone,* 172 Conn. 242, 256, 374 A.2d 215, cert. denied, 431 U.S. 967, 97 S. Ct. 2925, 53 L. Ed. 2d 1063 (1977).

The provisions of § 2746 of the city charter and the 1962 civil service amendment to the charter as they bear upon the issues of this case, instead of being repugnant, fit together into a harmonious body of legislation, as the legislature presumably intended that they should. See *Metropolitan District* v. *Barkhamsted,* 199 Conn. 294, 306–307, 507 A.2d 92 (1986); see also *Shanley* v. *Jankura,* 144 Conn. 694, 704, 137 A.2d 536 (1957).

### III

The defendants' third claim is that the court should not have concluded that the board acted arbitrarily and in abuse of its discretion because the board followed the advice of the Waterbury assistant corporation counsel. We disagree.

"The court's function is limited to the examination of the record to determine whether the ultimate deci-

sion was factually and legally supported to ensure that the board did not act illegally, arbitrarily or in abuse of its discretion." *Ferrier* v. *Personnel & Pension Appeals Board,* 8 Conn. App. 165, 167, 510 A.2d 1385 (1986). "Without question agency action which is unconstitutional, contrary to law, illegal, or beyond the power granted to the agency is arbitrary, capricious, unreasonable, or an abuse of discretion; *action which is condemned by such terms is not redeemed by the presence of good faith or even high purpose.* " (Emphasis added.) 2 Am. Jur. 2d, Administrative Law § 651. Contrary to the defendants' argument, good faith in relying on the advice of its counsel cannot save its action when such action was affected by an error of law in that it ignored the directive of § 2746 of the Waterbury city charter. See id.; see also *Wilson* v. *Freedom of Information Commission,* 181 Conn. 324, 342–43, 435 A.2d 353 (1980).

The judgment is affirmed.

In this opinion the other judges concurred.