[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, a former police officer for the City of Waterbury who retired because of permanent disability, appeals from the decision of the defendant Waterbury Retirement Board (the "Board") denying the plaintiff's request that he be reinstated because his disability no longer exists. The plaintiff contends that the Board acted illegally, arbitrarily and in abuse of its discretion in that it refused to accept the competent medical evidence submitted to it that the plaintiff is no longer permanently disabled. The plaintiff's contentions are disputed by the Board.
The facts giving rise to the plaintiff's retirement for permanent disability are not in dispute. He was hired as a police officer for the Waterbury Police Department on January 5, 1970. Some months later he began working as an undercover narcotics officer. As a result of this assignment, the plaintiff became addicted to narcotics, principally heroin. On April 18, 1978 the plaintiff was admitted to St. Mary's Hospital for bleeding ulcers and acute respiratory distress. He was hospitalized for thirty days. Thereafter, on January 28, 1980, the Board found the plaintiff totally and permanently disabled and he was retired on a disability pension. The basis of the plaintiff's disability was his prior drug abuse, although there was no evidence that the plaintiff was using heroin or other drugs in 1980 nor that he had used such drugs at any time after his hospitalization.
In December, 1992 the plaintiff requested that the Board reinstate him as a police officer pursuant to § 2746 of the Waterbury City Charter because he was no longer disabled. The plaintiff submitted a medical report from his treating physician, Dr. Jega. The Board then arranged for psychiatric evaluations of the plaintiff by two psychiatrists. After reviewing all the medical reports, the Board denied the plaintiff's request, stating "[w]e cannot conclude the CT Page 1381 disability for which the employee is receiving a pension is no longer in existence." This appeal followed.
The plaintiff is clearly aggrieved by the decision of the Board. The reinstatement which he sought was denied. As a result of the Board's decision, he is deprived of his only career employment. This constitutes aggrievement. Downey v.Retirement Board, 22 Conn. App. 172, 177 (1990).
The standard by which this court is to review the decision of the Board is well-established.
 An appellate court, in reviewing a decision from a local personnel and pension appeals board, may not adjudicate facts or otherwise substitute its judgment for that of the board. See Finkenstein v. Administrator, 192 Conn. 104, 112-13, 470 A.2d 1196
(1984); Raybestos-Manhattan, Inc. v. Planning Zoning Commission, 186 Conn. 466, 469, 442 A.2d 65 (1982); Denby v. Commissioner, 6 Conn. App. 47, 52, 502 A.2d 954 (1986). The court's function is limited to the examination of the record to determine whether the ultimate decision was factually and legally supported to ensure that the board did not act illegally, arbitrarily or in abuse of its discretion. See Finkenstein v. Administrator, supra, 113; Greenwich v. Liquor Control Commission, 191 Conn. 528, 534, 460 A.2d 382 (1983).
Ferrier v. Personnel Pension Appeals Board, 8 Conn. App. 165,167 (1986).
The plaintiff's request for reinstatement because of discontinuance of disability was made pursuant to § 2746 of the Waterbury City Charter which provides in part,
 Any . . . police participant totally and permanently disabled during the performance of essential duties pertaining to his employment by the City of Waterbury, irrespective of the duration of his employment, [shall] be retired for disability . . . In the event that the board shall, upon competent medical evidence, conclude that the disability for which the employee is receiving a pension no longer exists, the board shall thereupon order a discontinuance of the pension CT Page 1382 payable to such employee, but not until such employee has been offered reinstatement in the same or comparable employment.
The issue before the Board was whether the plaintiff's total and permanent disability, on which he was retired, exists any longer. The evidence before the Board on that issue consisted of reports from three physicians.
The first report, submitted by the plaintiff, was from Dr. Jega, the plaintiff's treating physician since 1978. Dr. Jega reports "no evidence of drug dependency or alcohol intake" and "there is no reason for his permanent disability status to be continued at the present moment."
The second report, from Dr. Stern, a psychiatrist, consists of two parts. The first is a retirement disability questionnaire provided to the physician by the Board. The second is a two-page letter. The diagnosis portion of the questionnaire, completed by Dr. Stern, states "Polysubstance Abuse/Dependence . . . in remission" and "Depression . . . in remission." In response to the question, "Is patient now totally and permanently disabled?" Dr. Stern twice responded "no", once for police work and once for other work. Dr. Stern did answer "yes" to a question asking whether the plaintiff is partially disabled, stating that the plaintiff would recover to do police work in three to six months. In his accompanying letter, Dr. Stern expressed concerns about the plaintiff's return to police work primarily because the plaintiff had never undergone substance abuse treatment. However, Dr. Stern never contradicted his answers on the questionnaire that the plaintiff was not now totally and permanently disabled.
Dr. Behrends' report also consisted of two parts, the questionnaire and an accompanying letter. In answering the questionnaire, Dr. Behrends stated that the plaintiff was not totally and permanently disabled. He also denied that the plaintiff had any partial disability. In his accompanying letter, Dr. Behrends stated, "While it is not possible to be certain with regard to his predilection to return to substance abuse, it is my impression that Mr. Laviana has searched deeply within himself and made a profound and abiding commitment to remain abstinent now and in the future."
Under the provisions of § 2746 the Board is limited to CT Page 1383 "competent medical evidence" in making its decision. The only medical evidence before the Board consisted of the reports of Dr. Jega, Dr. Stern and Dr. Behrends, the latter two physicians having been selected by the Board itself. Those reports concluded unanimously that the plaintiff was not totally and permanently disabled in December, 1993, when the Board made its decision.
In reviewing the sufficiency of the evidence before an administrative board, a court should determine only whether there is "substantial evidence" which reasonably supported the administrative decision. Feinson v. Conservation Commission,180 Conn. 421, 425 (1980). The court does not decide issues of credibility or make factual findings. Id.
There is no substantial evidence in the record which supports the Board's conclusion that "[w]e cannot conclude the disability for which the employee is receiving a pension is no longer in existence." All three physicians unanimously concluded that the plaintiff was not totally and permanently disabled. Although Dr. Stern opined that the plaintiff was partially disabled, that opinion was not pertinent to the issue before the Board, which was total and permanent disability. Only officers who are "totally and permanently disabled" could be retired under the provision of § 2746. The Board's inquiry under § 2746 is therefore restricted to whether "the disability for which the employee is receiving a pension no longer exists . . ."
Dr. Stern's comments in his letter accompanying the disability questionnaire do not provide substantial evidence to support the Board's conclusion. Those comments do not address total and permanent disability. There is nothing in the letter which supersedes Dr. Stern's clearly stated opinion in the disability questionnaire response that the plaintiff is not totally and permanently disabled.
The Board's decision to deny reinstatement to the plaintiff was not factually supported by substantial evidence in the record. Accordingly, the appeal is sustained.
VERTEFEUILLE, J. CT Page 1384