[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs have appealed from the assessment by the defendant of a parcel of shore front property located in the Town of Madison.
While the defendant's original determination of market value was $985,790, at trial this figure was reduced to $750,000 by the defendant's expert. The plaintiffs' appraiser set a value or $445,000 on the subject property.
The "acceptance or rejection of the opinion of the expert witness is a matter peculiarly within the province of the trier of fact. . . ." Feigenbaum v. Waterbury, 20 Conn. App. 148
(1989). Confronted with such a substantial discrepancy between these appraisals, the Court has considered the testimony of the plaintiff's witnesses as well as their appraisal. The defendant's appraisal was scrutinized with particular attention to the comparable sales discussed in it.
 I.
Testimony from family members who have lived on the subject property indicates some serious site problems. The basement area is subject to repeated flooding and cannot be utilized safely even for storage. While an episode in 1991 may be atypical, water virtually covered a motor vehicle stored in the garage on the premises.
The beach fronting on the parcel has a high coliform count so that shell fishing is prohibited in the area, and in 1994, swimming was prohibited. These conditions are part of a deterioration of the marsh adjacent to the parcel. CT Page 14099
It was also testified that the garage is literally "splitting" in half, having been built straddling a creek channel.
The defendant did not dispute this testimony, except as to the fact that a half to two-thirds of the parcel is a wetland. On this point, the plaintiffs' appraiser stated a wetlands parcel is worth less because its use is strictly regulated and site improvements are limited. This parcel is also in a coastal area management district which imposes restrictions on renovations which are not twelve feet above the main high water mark.
The defendant considers all land the same and since the parcel is utilized as a building lot, it is considered a building lot, though part of a wetland.
 II.
The appraisers for the parties displayed considerable disagreement with each other's opinions, comparables, and methodology. The one comparable employed by both appraisers, viz 162 Middle Beach Road, is of significance to the Court because the plaintiffs' appraiser utilized its $740,000 sales price, and the defendant's appraiser adjusted that price for her purposes, arriving at $775,400. Thus, both appraisers are "on the same page" as to that property. While the plaintiffs' expert values the subject property at $445,000, the defendant's evaluation is $750,00 [$750,000].
When the subject property is compared to this comparable on the basis to price per square foot, the defendant sets $452.90 for the subject property and only $287.45 for #162 Middle Road. This variance is difficult to reconcile when one examines the two properties in question, but it is even more puzzling when one examines the remaining six comparables used by both appraisers. The figure for the subject property remains the highest by far.
The Court is acquainted with #162 Middle Beach Road and #16 Holly Park. another of the comparables utilized by the defendant. Neither property has the site problems associated with the subject property and neither sit in a wetland. Both properties can be described as highly desirable. The Court has difficulty adopting the defendant's square foot figure and even more difficulty adopting the suggestion that the subject property is worth $750,000, if #162 is worth $775,000, and #16 is worth CT Page 14100 $795,000.
The Court must reject the defendant's appraisal of $750,000.
 III.
Examining the eight comparables and both appraisals, the Court concludes that the plaintiffs' appraisal is closer to a realistic evaluation, though slightly low. The Court computes this value as follows:
1,656 sq. ft. at $255/sq. ft. = $422,280
 980 sq. ft. at $ 80/sq. ft. = 78,400 -------- Total $500,680
It is the opinion of the Court that the assessment should be lowered to reflect a 100% valuation of $500,680.
The plaintiff are entitled to taxable costs and their appraisal fees of $950.
Anthony V. DeMayo State Trial Referee