[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] REVIEW OF STATEMENT OF COMPENSATION C.G.S. § 8-132
This is a condemnation procedure for land to be taken by the West Haven Municipal Corporation pursuant to a vote of the Office of the City Council on May 10, 1999 to acquire the property known as 229-231 Captain Thomas Boulevard, finding that the convenience and necessity of the condemnor required the same for public use as part of the Savin Rock Business District Development area. (C.G.S. §§ 48-6, 48-12, 8-129 et seq.).
The owner in fee simple Sharon Johnson claimed aggrievement by the taking and statement of compensation and has applied for a review of the statement of compensation.
The certificate of taking issued by the clerk of this court sets forth the facts of such taking, a description of all property so taken and the name of the owner in fee simple dated November 4, 1999. (Item 102). The attorneys stipulated during the trial that all tenants have vacated the premises and that Sharon Johnson owner in fee simple is the only party in interest. The City filed with this court a statement of compensation and deposited with the clerk the sum of $135,000. That sum was dispensed to Sharon Johnson and her attorney pursuant to her motion on May 2, 2000.
On March 13, 2000 Sharon Johnson's "Appeal and Application for Review of Statement of Compensation" was filed applying for this review, reassessment, prejudgment interest for increased damages for the taking and costs permitted by statute.
By agreement of the attorneys the court visited this site (229-231 Captain Thomas Boulevard and companion site 233-235 Captain Thomas Boulevard — Case No. CV99-0430766) on July 24, 2000 prior to demolition of both houses.
Sharon Johnson, sole owner of record testified and substantiated her claim of aggrievement based on facts and plans for rental income for family support in the future that she classified as her pension plan for herself and her mother.
Her mother also testified as to her personal management of this property and her personal observations of the physical condition of the property.
The owner produced Philip Ball appraiser as her expert appraiser. The City produced Charles A. Liberti as its expert appraiser.
Both experts are well known to this court as well qualified and experienced appraisers. Testimony of both appraiser witness deemed material and proper support the court's revision of this statement of CT Page 13930 compensation, in its search for just compensation, consisted of factual and opinion testimony.
The City's expert valued 229-231 Captain Thomas Boulevard at $138,000. The owner's expert valued this property at $189,000. Opinions vary.
Both appraisers essentially agreed on the physical location, description and exhibited comparable sale data and photographic evidence. Its present use as residential rental income is its highest and best use. This location and subject property has water view exposing possibilities of breathtaking views of the shoreline and Long Island Sound. Another use possible is commercial or professional office adaptation. Speculation yes!
This location is also suitable for extended public mass transportation development.
Evidence and testimony of both appraisers considered the cost approach to value, capitalization of net income approach and direct sales comparison approach to value.
"Just compensation" sought in this case is for the land in fee simple. No consideration for consequential damages or collateral issues are sought.
The sole issue is to award just compensation or fair market value for the land and improvements described in the pleadings.
 A state referee sitting as a court on appeals in condemnation cases is more than just a trier of fact or an arbitrator of differing opinions of witnesses. He is an arbiter charged by the General Statutes and the decisions of our courts with the duty of making an independent determination of value and fair compensation in the light of all circumstances, the evidence, his general knowledge and his viewing of the premises. Minicucci v. Commissioner of Transportation, 211 Conn. 382, 388 (1989); Birnbaum v. Ives, 163 Conn. 12, 21-22 (1972); Feigenbaum v. Waterbury, 20 Conn. App. 148, 153 (1989). It is his task to reach a result that gives the plaintiff, as nearly as possible, a fair equivalent in money as just compensation for the property taken. Mathis v. Redevelopment Agency, 165 Conn. 622, 623 (1973); Feigenbaum v. Waterbury, supra, 153-54.
It is the conclusion of the court that in this case after viewing the CT Page 13931 property and area of comparable sales and after considering all the evidence and testimony the market value of subject property when taken was $172,000.
After giving due consideration to the opinions of the expert witnesses and to my knowledge of all the elements that establish value the subject property's value on November 4, 1999 was $172,000. Damages are assessed in the amount of $37,000 plus interest.
 Computation of fair market value 11/4/99 $172,000 Dispensed to owner 135,000 Damages assessed at 37,000
Plus interest at legal rate from 5/2/00
Appraiser fee report and testimony $850.00
Cost to be taxed by clerk.
Reynolds, Judge Trial Referee