[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON ASSESSMENT OF DAMAGES
On October 3, 1997 the Commissioner of Transportation State of Connecticut filed his "Notice of Compensation and Assessment of Damages" quoted in part, as follows:
 "Said premises are situated in the Town of West Haven, County of New Haven and State of Connecticut, and described as follows:
 The premises taken herein on a portion of Owner's land consist of the following easement and rights:
 1. A full and perpetual drainage right of way easement, within a total area of 1,979 square feet, more or less, and located between and opposite Stations 19+493.5 and 19+508.5 left and right of the Construction Base Line, as more particularly shown on the map hereinafter referred to. CT Page 14340
 2. A right to reset wire fence, within a distance of 40 linear feet, as more particularly shown on said map.
 3. A right to remove trees, as more particularly shown on said map.
 The aforesaid two rights shall automatically terminate upon completion of the work by the State.
By stipulation of the attorneys during the trial, any claim for damages for right #2 above is not for decision by this referee at this time.
The attorneys can "work it out."
Rosemarie C. Reilly filed her "Appeal From Assessment of Damages and Benefits By the Commissioner of Transportation" on April 3, 1998. This appeal claims the applicant is aggrieved by such assessment of damages because the sum is inadequate and applies for a reassessment thereof.
Pursuant to orders of Judge Mulvey on February 11, 1999 the clerk dispensed the total deposit of $1850.00 as follows:
 Thomas A. Kaelin, Esq. — First Union Mortgage Corporation 1302. 17 Rosemarie C. Reilly 504.83 1850.00
In his answer to this appeal defendant admits the allegations of paragraphs 1 and 2 and denies paragraph 3. The mortgage has been paid.
The relief sought relies on Connecticut General Statutes §§ 13a-73
(b) and (e). The land taken was found to be necessary for drainage and improvement of Elm Street Roadway as hereinbefore described, aggrievement has been proven and Rosemarie C. Reilly is entitled to be paid by the state for all damages.
Defendant's Exhibit 1 "Survey and Map" details the property involved and known as 371 Center Street, West Haven.
The easements and rights taken (see Notice of Compensation quoted above) are also noted on Exhibit 1.
The attorneys agreed to stipulate on "Right to Reset Wire Fence." This finding of damages does not address paragraph 2 of the Notice of Condemnation. CT Page 14341
This referee viewed the land and took testimony and evidence deemed material.
Philip Ball a Licensed Real Estate Appraiser, Real Property Consultant and an Attorney testified for the owner. (Exhibit A). Subject property is in a conforming residential zone that cannot be subdivided. This is its present highest and best use. The easements claimed in the Condemnation Notice are removed from the residence and do not significantly effect the value of same. West Haven is a suburb of New Haven divided geographically by Route 95 that runs from Maine to Florida.
The market value of subject property after the date of the taking is less than the value of the property without the easement in place and the taking of the easement has damaged the market value of the fee simple interest of the property.
The subject property is 51± feet by 500± feet, about 25, 500 square feet. The land is about street level, graded, seeded, landscaped and serviced by all utilities.
The property and neighborhood qualify as upper middle class with easy access to highways, beaches and shores, schools, universities, colleges, churches, transportation, rail and buses, parks, hospitals, employment, restaurants and recreational activities. This is a desirable neighborhood.
Mr. Ball's opinion of damages incurred studied the direct sales comparison approach to value. This approach studies other properties with similar utility and in comparable locations. Adjustments to reflect significant variation are noted to reflect what the market indicates for the value of the properties.
The drainage right-of-way contains about 2, 040 square feet. This easement is removed from the residence by about 300 feet from the street line and its residence impact is negative. The taking acquired the right to remove matured fruit trees. Drainage for adjacent properties has improved the area.
Both appraisers employed a land value analysis to value, i.e., market value or direct sales comparison approach to value.
Exhibit 5 prepared by Cynthia L. Bezz is in evidence for the commissioner. Her instructions were "Estimate Value of Proposed Taking" for "Client: State of Connecticut — DOT." CT Page 14342
Comments noted on said exhibit —
 "No adverse easements or encroachments noted. Wet rear yard area due to faulty drainage system which is being replaced and corrected by this construction project. Subject conforms to current zoning regulations. Highest and best use is considered to be continued present use."
The narrative analysis of this exhibit notes "a right to reset wire fence of 40± LF". The attorneys stipulated that this finding of damages would not address resetting the wire fence.
This exhibit employed three comparable sales with photographs of same and a map of the location involved. The City of West Haven is well known to this referee having served forty years deciding both civil and criminal cases originated in that area.
Exhibits and testimony of commissioner's expert concluded that values are as follows:
 Before condemnation $45,013 After condemnation 43,175 Damages (rounded) computed as 1,850
Exhibit A and testimony of her appraiser concludes that values are as follows:
 Before condemnation $51,000 After condemnation 42,380 Damages computed as 8,620
The above computation of $45,013 includes $800 as contributory value of the trees before the taking. Mr. Ball attributes a loss of $2,500 to the cutting and removal of the trees resulting in his after condemnation value. The visual inspection of the area and observation of sizeable tree stumps support the attributable loss for cutting and removal of the trees.
 A state referee sitting as a court on appeals in condemnation cases is more than just a trier of fact or an arbitrator of differing opinions of witnesses. He is an arbiter charged by the General Statutes and the decisions of our courts with the duty of making an independent determination of value and fair compensation in the light of all circumstances, the CT Page 14343 evidence, his general knowledge and his viewing of the premises. Minicucci v. Commissioner of Transportation, 211 Conn. 383, 388 (1989); Birnbaum v. Ives, 163 Conn. 12, 21-22, (1972); Feigenbaum v. Waterbury, 20 Conn. App. 148, 153 (1989). It is his task to reach a result that gives the plaintiff, as nearly possible, a fair equivalent in money as just compensation for the property taken. Mathis v. Redevelopment Agency. 165 Conn. 622. 623 (1973;) Feigenbaum v. Waterbury, supra, 153-54.
It is the conclusion of the court that in this case after viewing the property and area of comparable sales and after considering all the evidence and testimony the damages to subject property when taken was $8,620.00.
After giving due consideration to the opinions of the expert witnesses and to my knowledge of all the elements that establish value the subject property's value after the taking was $42,380.00. Damages are reassessed in the amount of $8,620.00 plus interest at legal rate from February 11, 1999.
Assessor's fees awarded for report and one half day testimony, $1,250.00.
Reynolds, Judge Trial Referee